UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ESTELLE DORAN and her husband
JAN VAN JOOLEN,

      Plaintiff,

vs.

WALMART INC. and
EDWARD SHAW,

      Defendants.

_____/

### DEFENDANT WAL-MART STORES EAST, LP.'s NOTICE OF REMOVAL

Defendant Wal-Mart Stores East, LP [incorrectly delineated by Plaintiffs in this case as Walmart Inc.] ("Wal-Mart"), pursuant 28 U.S.C. §§ 1332, 1441 and 1446(b)(1), and Rule 81 of the Federal Rules of Civil Procedure, removes to this Court the action filed in the Fifth Judicial Circuit Court in and for Citrus County, Florida, Case No. 2020-CA-00469 A with full reservation of rights, exceptions and defenses, and in support thereof state:

### FACTUAL BACKGROUND

1.    On August 24, 2020, Plaintiffs Estelle Doran ("Doran") and her husband Jan Van Joolen ("Joolen") (collectively "Plaintiffs") commenced this action by filing a complaint against Wal-Mart and Wal-Mart Store Manager, Edward Shaw ("Shaw"), in the Fifth Judicial Circuit Court in and for Citrus County, Florida.  *See* Pl.'s Compl. attached as Ex. "A."

2.    Plaintiffs served their Complaint on Wal-Mart's registered agent on August 26, 2020.  *See* CT Corporation Service of Process Transmittal Form attached as Ex. "B."  Plaintiffs also served Shaw on August 27, 2020.

3.     The Complaint raises negligence claims against Wal-Mart and Shaw due to injuries Doran allegedly sustained, on November 25, 2019, while at the Wal-Mart store located at  2461 E. Gulf to Lake Highway, Inverness, Citrus County, Florida 34453 ("Wal-Mart Store") *See* Ex. A.  Specifically, Doran contends she "tripped and fell over the warped metal shopping cart corral as she attempted to retrieve a shopping cart from the shopping cart corral . . . ." ("Incident").  *See* Ex. A, ¶ 15.

4.     It further alleges Shaw is the Wal-Mart Store manager, but never alleges he caused the shopping cart corral to become warped or that he damaged the shopping cart corral in any way.  *See generally* Ex. A.

5.     Plaintiff also asserts that Wal-Mart breached the duty of care owed to her by, among other things, "negligently fail[ing] to maintain . . . its premises to ensure the metal shopping cart corral in its parking lot was not warped and did not thereby create a dangerous tripping hazard . . . . " Ex. A, ¶ 14a.

6.     As for Co-Defendant Shaw, Plaintiff alleges that he, in his capacity as a Wal-Mart manager, was in charge of the daily operations of the store, that he had the responsibility to ensure that the premises was maintained, and that he breached his duties by failing to perform certain enumerated acts.  *See* Ex. A, ¶¶ 6; 17-19.

7.     However, the Complaint is devoid of any facts establishing Shaw was actively negligent or that he actively participated in the Incident. Accordingly, as further argued below, the evidence indicates Plaintiff fraudulently joined Shaw in this lawsuit solely to destroy diversity jurisdiction.

8.     Plaintiffs are residents of Citrus County, Florida. *See* Ex. A., ¶ 2.

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

9.      On or about June 30, 2020, prior to filing the instant lawsuit, Doran submitted a pre-suit demand letter to Wal-Mart's claims administrator, Claims Management, Inc. in which she demanded from Wal-Mart $850,000.00 as full and final settlement of this matter ("Demand Letter").  *See* Demand Letter[1] attached as Ex. "C." The Demand Letter also states she incurred $164,994.93 in medical expenses due to the alleged incident.

10.     Given the foregoing, this action is removable based on diversity of citizenship of the parties, and because the claimed amount in controversy is in excess of $75,000.00, exclusive of interest, attorneys' fees, and costs.

11.     Wal-Mart attaches hereto and incorporates into this Notice a copy of the process, pleadings, and other papers filed in the Fifth Judicial Circuit Court in and for Citrus County, Florida, together with a docket sheet from the Clerk of Court.  *See* The state court docket filings attached as Composite Ex. "D."

12.     Wal-Mart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## **REMOVAL IS TIMELY**

In accordance with 28 U.S.C. § 1446(b)(1), Wal-Mart files this Notice of Removal within thirty (30) days of its receipt of Plaintiff's Complaint.  The Complaint is the initial pleading setting forth the claim for relief upon which Plaintiff's action is based.  The thirty (30) day period commenced on August 26, 2020, when Plaintiff effectuated service of the Complaint on Wal-Mart.

---

[1]  Wal-Mart has not filed the medical records Doran submitted with her Demand Letter in order to protect her personal information and pursuant to the Court's administrative procedures.  Should the Court wish to review these documents, Wal-Mart will provide same to the Court for an *in camera* inspection.

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

Prior to serving her Complaint, Doran sent Wal-Mart the Demand Letter outlining her claimed damages, inclusive of actual medical expenses, in connection with her November 25, 2019 alleged incident.  Venue exists in the United States District Court for the Middle District of Florida, Ocala Division, because the Fifth Judicial Circuit Court where Plaintiff filed her state court action is located in Citrus County Florida, which is located within the United States District Court for the Middle District of Florida, Ocala Division.

## THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 U.S.C. § 1332(a)(1).

**A. Citizenship of Plaintiffs Doran and Joolen .**

"It is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp*., 2009 WL 1532129, *3 (S.D.Fla.) (Cohn, J) (internal citations omitted). In the instance case, the Complaint alleges Plaintiffs are residents of Citrus County, Florida. *See* Ex. A., ¶ 2.  Thus, Plaintiffs' residence in Citrus County, Florida is prima facie evidence of their domicile, which is equivalent to citizenship for purposes of establishing diversity in this case.  *See Katz,* 2009 WL 1532129 at *3.

**B. Citizenship of Wal-Mart.**

Wal-Mart Stores East, LP is a foreign limited partnership, which is, at the time of the alleged incident, and on the date of the filing of the Complaint, a Delaware Limited Partnership with its principal place of business in Arkansas.  WSE Management, LLC and WSE Investment,

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

LLC are the only partners of Wal-Mart Stores East, LP.  WSE Management LLC is the general partner and WSE Investment, LLC is the limited partner.

WSE Management, LLC and WSE Investment, LLC were, on the date of the filing of the Complaint, and currently are Delaware limited liability companies.  The sole member of WSE Management, LLC and WSE Investment, LLC is, and on the date of the filing of the Complaint, Wal-Mart Stores East, LLC, an Arkansas Limited Liability Company.  Wal-Mart Stores East, LLC is a wholly-owned subsidiary of Walmart Inc. Walmart Inc., formerly known as Wal-Mart Stores, Inc., is, and on the date of the filing of the Complaint, a Delaware corporation.  The sole member of Wal-Mart Stores East, LLC is and, on the date of the filing of the Complaint, Walmart Inc.  The principal place of business for all of the above-mentioned entities is Bentonville, Arkansas and was so on the date of the filing of the Complaint.

### C. Complete Diversity Between the Parties Exists Because Shaw Was Fraudulently Joined to Defeat Diversity Jurisdiction.

The citizenship of Co-Defendant Shaw should be disregarded because he was fraudulently joined in an attempt to destroy otherwise valid diversity jurisdiction.  *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011); *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006); *Evelyne Petigny v. Wal-Mart Stores East, L.P.,* Case No. 18-23762-CIV-MORENO, ECF. No. 19,  (S.D. Fla. November 14, 2018); *Franco v. Wal-Mart Stores East, L.P.,* Case No. 16-20706-CIV-MORENO, D.E. 17 (S.D. Fla. March 10, 2016).

Courts routinely disregard the citizenship of fraudulently joined parties when determining whether diversity jurisdiction exists.  *Stillwell v. Allstate Ins. Co.*, 663 F.3d at 1332.  A defendant seeking to prove that a co-defendant was fraudulently joined must demonstrate by clear and convincing evidence either that: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

to bring the resident defendant into the state court. *See Stillwell*, 663 F.3d at 1332; *Henderson*, 454 F.3d at 1281.

The determination of whether the resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits submitted by the parties. *See Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998).

The issue of whether there is no possibility the plaintiff can establish a cause of action against the resident defendant turns on whether liability can be imposed on the resident defendant. *Hunt v. Target Corp.*, Case No. 14-80266-CIV, 2014 U.S. Dist. LEXIS 54179, at *3-5 (S.D. Fla. Apr. 18, 2014); *Tynes v. Target Corp.*, Case No. 12-24302-CIV, 2013 U.S. Dist. LEXIS 40355, at *4-5 (S.D. Fla. Mar. 22, 2013).  If a defendant shows that "there is no possibility that plaintiff can establish a cause of action against the resident defendant . . . the federal court must dismiss the non-diverse defendant and deny any motion to remand the matter back to state court." *Florence v. Crescent Resources, LLC,* 484 F.3d 1293, 1297 (11th Cir. 2007).

Under Florida law, "a corporate agent or employee may not be held personally liable simply because of his general administrative responsibility or performance of some function of his employment – *he or she must be actively negligent.*" *Id* (quoting *McElveen v. Peeler*, 554 So.2d 270, 272 (Fla. 1st DCA 1989); *see also Niurka De Varona v. Discount Auto Parts, LLC.*, 860 F. Supp. 2d 1344, 1348 (S.D. Fla. 2012) (quoting *Orlovsky v. Solid Surf.*, 405 So.2d 1363, 1364 (Fla. 4th DCA 1981) ("[i]t is well established under Florida law that *[a store manager] does not incur personal liability for the corporation's tort merely by reason of the officer's official character*")).

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

In *Tynes*, the plaintiff, a Florida citizen, filed a complaint in state court alleging negligence against Target Corporation, a Minnesota citizen, and an unnamed employee, John Doe, arising from a slip and fall incident inside a Miami Target store. *Tynes*, 2013 U.S. Dist. LEXIS 40355, at *1.  The defendant removed the case seeking to invoke diversity jurisdiction. *Id* at *1.  Plaintiff moved to remand the case because the plaintiff identified through discovery the identity of John Doe—Target employee Wilbert A. Hernandez—and claimed that he was a resident of Miami-Dade County. *Id* at *2.  In denying plaintiff's motion to remand, the court found there was little possibility that the plaintiff could prove a cause of action for negligence against Mr. Hernandez because the plaintiff failed to allege any individual duty was owed or that the tort in question was committed in the store manager's individual capacity.  *Id*. at *4-6.

*In Niurka De Varona*, the plaintiff, a Florida resident, filed a negligence claim against Advance Auto Parts, a Virginia Corporation.  *Niurka De Varona*, 860 F. Supp. 2d at 1345. Plaintiff amended her complaint and named the store manager, a Florida resident, as a joint defendant asserting a separate count of negligence against the store manager.  *Id.*  Specifically, the plaintiff alleged the store manager had a duty to use ordinary care to maintain the store premises in a reasonable safe condition and was negligent by failing to remove the dangerous condition or warn the plaintiff of it.  *Id.*  Thereafter, the defendant removed the case arguing the citizenship of the store manager should be disregarded because he was fraudulently joined solely to avoid federal jurisdiction. *Id.* at 1346.

In support of its notice of removal, Advance Auto Parts presented an affidavit from the store manager denying any personal responsibility for the plaintiff's incident, attesting that he was not in the parking lot when the alleged accident occurred, that he could not see the parking lot from his vantage point in the store, and that he had no knowledge of any hazardous condition

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

in the parking lot on the date of the incident.  *Id*.  The court denied the plaintiff's motion to remand stating "plaintiff has provided no facts showing that [the store manager] played any role in her injuries" and that a store manager does not incur personal liability for a corporation's torts merely by reason of the store manager's official title.  *See id*. (citing *Orlovsky*, 405 So. 2d at 1364).

Similarly, in *Pritchard*, the court also denied plaintiff's motion to remand because the plaintiffs failed to point to any evidence in support of their claim that the store manager was actively negligent.  *Pritchard v. Wal-Mart Stores, Inc.*, Case No. 8:09-cv-46, 2009 U.S. Dist. LEXIS 18593, at *7.

In *Pritchard*, the plaintiffs filed suit in state court against defendant Wal-Mart and one of its store managers alleging claims of negligence and loss of consortium.  *Id*. at *1. The plaintiffs alleged the store manager owed a duty to them to exercise reasonable care in the maintenance, inspection, repair, warning, and mode of operation of the premises,[2] and that the store manager breached those duties.  *Id*. Wal-Mart removed the case, based upon diversity jurisdiction and despite the Florida citizenship of the store manager, pursuant to the fraudulent joinder doctrine. *Id*.

Thereafter, the store manager filed a motion to dismiss based on fraudulent joinder.  *Id*. The defendants submitted a declaration from the store manager, in which she stated she had no prior knowledge of the dangerous condition, and no one, including customers from her store, notified her of the dangerous condition prior to the plaintiff's incident.  *Id*. at *2. Wal-Mart submitted evidence that the store manager was not personally involved in the incident at issue,

---

[2] Under Florida law, negligent mode of operation claims based upon transitory foreign substances are no longer a viable cause of action since the enactment of Florida Statute section 768.0755. *See Pembroke Lakes Mall Ltd. v. McGruder*, 137 So. 3d 418 (Fla. 4th DCA 2014). To be clear, *Pritchard* did not involve a transitory foreign substance.

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

and as such, the store manager could not be found to be actively negligent. *Id.* at *3. The court agreed with Wal-Mart that the store manager was fraudulently joined as a defendant because the plaintiffs could not establish that the store manager was personally at fault for the plaintiffs' injuries, as there was no evidence to support that the store manager was actively negligent. *Id*. The court denied the plaintiffs' motion to remand and granted the store manager's motion to dismiss. *Id.*

Further, in *Evelyne Petigny v. Wal-Mart Stores East, L.P.,* and *Franco v. Wal-Mart Stores East, L.P.,* the Court dismissed the store employees who had been sued in their capacity as Wal-Mart managers on the basis that Plaintiff failed to allege any facts that the store managers were actively negligent (i.e. actively participated in bringing about the plaintiff's incident) *See Evelyne Petigny v. Wal-Mart Stores East, L.P.,* Case No. 18-23762-CIV-MORENO, D.E. 19, (S.D. Fla. November 14, 2018); *Franco v. Wal-Mart Stores East, L.P.,* Case No. 16-20706-CIV-MORENO, D.E. 17 (S.D. Fla. March 10, 2016).

In a factually similar case, *Edman v Wal-Mart,* the plaintiff alleged that she was struck in the back by a stock cart while she was shopping at a Wal-Mart store. *Edman v Wal-Mart Stores East, L.P.,* Case No. 9:19-CV-80356-DMM, at D.E. 20 and D.E. 21, (S.D. Fla. May 6, 2019).

The plaintiff sued both Wal-Mart and the store manager, Michael Gillespie. *Id.* The Court granted Michael Gillespie's motion to dismiss [D.E. 21], as the plaintiff's complaint failed to allege that Michael Gillespie actively participated in bringing about the Plaintiff's incident. *Edman v Wal-Mart Stores East, L.P.,* Case No. 9:19-CV-80356-DMM, at DE. 21, (S.D. Fla. May 6, 2019). Subsequently, the Court denied Plaintiff's motion to remand.     *Id.*

In the instant case, although Shaw was the Store Manager at the Wal-Mart Store where the Incident occurred, there is no possibility that Plaintiff can prove a cause of action for

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

negligence against him because he was not actively negligent and had no personal involvement in the Incident. *See* Declaration of Smith; *see also De Varona*, 860 F. Supp. 2d at 1347; *Pritchard*, 2009 U.S. Dist. LEXIS 18359, at *7; *Evelyne Petigny v. Wal-Mart Stores East, L.P.,* Case No. 18-23762-CIV-MORENO, D.E. 19,  (S.D. Fla. November 14, 2018); *Franco v. Wal-Mart Stores East, L.P.,* Case No. 16-20706-CIV-MORENO, ECF No. 17 (S.D. Fla. March 10, 2016).

Shaw did not commit or participate in the Incident and did not play any role in Plaintiff's alleged injuries as he:

a.   did not witness the Incident;

b.   was not in the Wal-Mart Store's parking lot when the Incident occurred;

c.   was not in the parking lot area where the Incident occurred immediately prior to the Incident occurring;

d.   had no prior knowledge of any defects to the Wal-Mart Store shopping cart corral. *See* Shaw's Declaration attached as Ex. "E".

In other words, Shaw had no knowledge of the alleged dangerous condition prior to the Incident occurring and had no involvement with the Incident.  *See id.; see also Niurka De Varona*, 860 F. Supp. 2d at 1347; *Pritchard*, 2009 2009 U.S. Dist. LEXIS at *7; *Evelyne Petigny v. Wal-Mart Stores East, L.P.,* Case No. 18-23762-CIV-MORENO, D.E. 19,  (S.D. Fla. November 14, 2018); *Franco v. Wal-Mart Stores East, L.P.,* Case No. 16-20706-CIV-MORENO, D.E. 17 (S.D. Fla. March 10, 2016).

As in the *Niurka* case, the Complaint in this matter fails to allege any facts indicating Smith was actively negligent or actively participated in the Incident.  Rather, Plaintiff merely alleges Shaw was a manager at the Wal-Mart Store and that he was negligent in performing his

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

administrative duties.  *See* Ex. A, ¶¶ 7-10  The Complaint is devoid of any facts asserting that Shaw damaged the metal frame of the shopping cart corral over which Plaintiff allegedly tripped or that he actively caused her to trip and fall.  *See id*.  Shaw cannot be held liable for Wal-Mart's alleged tortious conduct simply because he held a store manager title on the date of the Incident.

Consequently, absent Shaw's fraudulent joinder, complete diversity between the parties exists in this matter.

## AMOUNT IN CONTROVERSY

The amount in controversy exceeds $75,000.00.  Although the Complaint does not specify an amount in controversy other than Florida's circuit court jurisdictional minimum, it is clear from the Demand Letter that Plaintiffs' claimed damages exceed this Court's jurisdictional minimum of $75,000.00.  *See Katz v. J.C. Penney Corp., Inc*., 2009 WL 1532129, *5 (S.D. Fla. June 1, 2009) (concluding the defendant met its jurisdictional burden of establishing the amount in controversy based on information received from the plaintiff in the pre-suit demand package); *see also Mick v. DeVilbiss Air Power Co.,* No. 6:10-CV-1390-ORL, 2010 WL 5140849, at *1 (M.D. Fla. Dec. 14, 2010)  (discussing pre-suit demand letters are competent evidence of the amount in controversy.).

Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz,*

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) (citing *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213-1214 (11th Cir. 2007)).

"Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id* (citing *Williams v. Best Buy Co.,* 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000)). "Therefore, pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed." *Id.*

The relevant portions of the Demand Letter, along with the medical records and medical bills provided to Wal-Mart with the Demand Letter, conclusively establish that the amount in controversy exceeds this Court's $75,000.00 jurisdictional minimum.  As previously stated, Doran's Demand Letter claims her medical bills for the alleged incident total $164,994.93.  *See* Ex. C.  Moreover, Doran estimates the damages in the instant matter to be at least, $850,000.00, based on the amount she demanded to settle this claim.  *See* Ex. "C."  These representations sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00 jurisdictional minimum for this Court to retain jurisdiction.  Numerous district court decisions support this conclusion.

For example, in *Katz v. J.C. Penney Corp.*, *supra*, the court concluded that the removing defendant properly established the amount in controversy by addressing through affidavit information received from plaintiff's pre-suit demand package.  The court specifically noted it was persuaded that the pre-suit demand package reflected an honest assessment of damages by plaintiffs because, like the Demand Letter, it was based on medical records provided by the plaintiff. *See Katz v. J.C. Penney Corp., Inc*., 2009 WL 1532129, *5 (S.D. Fla. June 1, 2009).

District courts have found that the amount in controversy is satisfied by a showing that

Plaintiff's pre-suit demand letter demonstrates Plaintiff's past medical bills exceed $75,000.00. In *Stramiello v. Petsmart, Inc*., 2010 WL 2136550, at *3 (M.D. Fla. 2010), the court determined the defendant established its burden of proving the amount in controversy exceeded $75,000.00 where the plaintiff's medical bills alone totaled $108,351.92 and plaintiff alleged that his injuries were permanent and he would "surely seek recovery of future medical expenses and significant pain and suffering damages." *Id.*  The court found the defendant established complete diversity and that the amount in controversy exceeded the minimum jurisdictional requirement; therefore, the court denied the plaintiff's motion to remand. *Id.* at *5.

Additionally, in *Wilson v. Target Corp.,* the plaintiff submitted a pre-suit demand letter indicating she had incurred over $100,000.00 in past medical expenses and would incur an additional $1 million dollars in future medical expenses as a result of her incident.  *Wilson v. Target Corp.,* 2010 WL 3632794, at *4 (S.D. Fla. 2010).  Although the plaintiff's complaint did not specify the exact amount of damages she sought, but only plead that her damages were in excess of $15,000.00, the Court denied plaintiff's motion to remand finding plaintiff's pre-suit demand letter and unspecified damages in her complaint were sufficient to demonstrate by a preponderance of the evidence that the amount in controversy exceeded $75,000.00.  *Id.*

Here, Doran's pre-suit demand package, which estimate Plaintiff's damages to be $850,000.00, is alleged to be Doran's honest assessment of her claimed damages since it is based on the medical records she previously provided to Wal-Mart.  *See Katz,* 2009 WL 1532129 at *4. This evidence demonstrates the Plaintiffs' claimed damages in the instant case far exceed $75,000.00.  Accordingly, Wal-Mart has shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum, rendering removal proper.

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

## V. <u>CONCLUSION</u>

This action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because there exists complete diversity in this matter as the Plaintiff and Wal-Mart are citizens of different states, and the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs. Upon filing of this Notice of Removal, Wal-Mart will promptly give written notice to Plaintiff, through her attorneys of record, and the Clerk of the Circuit Court for the Fifth Judicial Circuit Court in and for Citrus County, Florida.

**WHEREFORE**, Defendant Wal-Mart respectfully requests that: a) the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, Fifth Judicial Circuit Court in and for Citrus County, Florida, Case No. 2020-CA-000469 A, be removed from that Court to the United States District Court for the Middle District of Florida, Ocala Division; b) this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Wal-Mart is entitled; c) Shaw be dismissed from this case, pursuant to the fraudulent joinder doctrine.

**[SIGNATURE ON THE NEXT PAGE]**

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

Respectfully submitted,

s/Suzette L. Russomanno
Jerry D. Hamilton, Esq.
Florida Bar No. 970700
jhamilton@hamiltonmillerlaw.com
William H. Edwards, Esq.
Florida Bar No. 43766
wedwards@hamiltonmillerlaw.com
Suzette L. Russomanno, Esq.
Florida Bar No. 751081
srussomanno@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 S.E. Second Avenue Suite 1200
Miami, FL, 33131
Telephone:        (305) 379-3686
Facsimile:        (305) 379-3690
*Attorneys for Wal-Mart Stores East, LP*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 25, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel of record or *pro se* parties identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

/s/ Suzette L. Russomanno
Suzette L. Russomanno, Esq.

## SERVICE LIST

Robert McLaughlin, Esq.
Morgan & Morgan, P.A.
One Tampa City Center
201 N. Franklin Street 7th Floor
Tampa, Florida 33602
rmclaughlin@forthepeople.com
jbrookings@forthepeople.com
*Counsel for Plaintiff*