Filing # 112249246 E-Filed 08/24/2020 11:07:31 AM

IN THE CIRCUIT COURT IN AND FOR
CITRUS COUNTY, FLORIDA
CIVIL DIVISION

ESTELLE DORAN and her husband,
JAN VAN JOOLEN,

   Plaintiffs,

-v-                                   CASE NO.:  2020-CA-000469 A

WALMART INC. and
EDWARD SHAW,

   Defendants.
_____/

## COMPLAINT

COME NOW the Plaintiffs, ESTELLE DORAN and her husband, JAN VAN JOOLEN, by and through her undersigned attorneys, and sue Defendants, WALMART INC. and EDWARD SHAW, and allege:

1. This is an action for damages that exceeds Thirty Thousand and One Dollars ($30,001.00), exclusive of interest, costs and attorneys' fees.

2. At all times material hereto, Plaintiffs, ESTELLE DORAN and her husband, JAN VAN JOOLEN, have been residents of Citrus County, Florida, and have been lawfuly married.

3. At all times material hereto, the Defendant, WALMART INC., was authorized and doing business in Citrus County, Florida.

4. At all times material hereto, Defendant, EDWARD SHAW, was a resident of Citrus County, Florida.

5. At all times material hereto, Defendant, WALMART INC., owned, operated, possessed, controlled, managed, operated, and maintained a retail store located at 2461 E. Gulf to Lake Highway, Inverness, Citrus County, Florida.

6. At all times material hereto, Defendant, EDWARD SHAW, was the manager of the aforementioned retail store, and was in charge of the daily operations and had the responsibilty to ensure that the premises, including but not limited to the parking lot and the metal shopping cart corrals in the parking lot, was maintained on a daily basis in a safe manner, to warn invitees of concealed dangerous conditions, to notify Defendant, WALMART INC., of dangerous conditions so they could be remedied, and to train employees of Defendant, WALMART INC., accordingly.

7. On or about November 25, 2019, the Plaintiff, ESTELLE DORAN, went to the aforementioned retail store to shop, and as such was an invitee on the premises.

8. On the date and the place aforesaid, the Defendant, WALMART INC., had a duty to maintain the retail store, including but not limited to the parking lot and the metal shopping cart corrals in the parking lot, in a reasonably safe condition, to inspect for dangerous conditions, to warn invitees of dangerous conditions of which it should have been aware, and to remove dangerous conditions of which it should have been aware, for the safety of invitees such as Plaintiff.

9. On the date and the place aforesaid, the Defendant, EDWARD SHAW, had a duty to maintain the retail store, including but not limited to the parking lot and the metal shopping cart corrals in the parking lot, in a reasonably safe condition, to inspect for dangerous conditions, to warn invitees of dangerous conditions of which he should have been aware, and to remove dangerous conditions of which he should have been aware, for the safety of invitees such as Plaintiff.

10. On the date and at the place aforesaid, the Defendant, WALMART INC., owed the Plaintiff, ESTELLE DORAN, an invitee upon the premises, the duty to exercise reasonable care for the safety of Plaintiff, ESTELLE DORAN.

11. On the date and at the place aforesaid, the Defendant, EDWARD SHAW, owed the Plaintiff, ESTELLE DORAN, an invitee upon the premises, the duty to exercise reasonable care for the safety of Plaintiff, ESTELLE DORAN.

12. On the date of the incident, the Defendant, WALMART INC., by and through its employees, servants, and/or agents, could reasonably anticipate that its mode of operation for ensuring that the parking lot and the metal shopping cart corrals in the parking lot, were in a reasonably safe condition was not reasonable.

13. On the date of the incident, the Defendant, EDWARD SHAW, could reasonably anticipate that his mode of operation for ensuring that the parking lot and the metal shopping cart corrals in the parking lot, were in a reasonably safe condition was not reasonable.

## COUNT I – NEGLIGENCE AGAINST DEFENDANT, WALMART INC.

The Plaintiff, ESTELLE DORAN, hereby re-alleges and incorporates herein all of the previous allegations made in paragraphs 1 - 13, above.

14. On the date and at the place aforesaid, the Defendant, WALMART INC., breached the duty owed to the Plaintiff, ESTELLE DORAN, by committing one or more of the following omissions or commissions:

    a. Negligently failed to maintain or adequately maintain its premises to ensure that the metal shopping cart corral in its parking lot was not warped and did not thereby create a dangerous tripping hazard, for the safety of the Plaintiff, ESTELLE DORAN, as she attempted to retrieve a shopping cart from the cart corral;

    b. Negligently failed to inspect or adequately inspect the metal shopping cart corral in its parking lot, to determine whether it was warped and thereby created a dangerous tripping hazard, for the safety of the Plaintiff, ESTELLE DORAN;

    c.  Negligently failed to warn or adequately warn the Plaintiff, ESTELLE DORAN, that the metal shopping cart corral in its parking lot was warped and thereby created a dangerous tripping hazard, when the Defendant, WALMART INC.., knew or should have known of said danger and that the Plaintiff, ESTELLE DORAN, was unaware of said danger; and

    d.  Negligently failed to correct, or adequately correct the dangerous condition of the tripping hazard created by the warped metal shopping cart corral in its parking lot, when said dangerous condition was known to the Defendant, WALMART INC., or had existed for a sufficient length of time so that the Defendant should have known of it.

  15. As a direct and proximate cause of the negligence of the Defendant, WALMART INC., as heretofore alleged, the Plaintiff, ESTELLE DORAN, tripped and fell over the warped metal shopping cart corral as she attempted to retrieve a shopping cart from the shopping cart corral, and when she fell she sustained injuries and damages as hereinafter alleged.

  16. As a direct and proximate result of the negligence of the Defendant, WALMART INC., as heretofore alleged, the Plaintiff, ESTELLE DORAN, was injured in and about her body and extremities; incurred medical expenses for the treatment of said injuries; incurred pain and suffering of both a physical and mental nature; incurred a permanent injury to the body as a whole; incurred loss of ability to lead and enjoy a normal life; incurred loss of wages and a loss of wage earning capacity, and incurred aggravation of a pre-existing condition and/or activation of a latent condition, all of which are either permanent or continuing in nature and the Plaintiff, ESTELLE DORAN, will sustain said loss in the future.

WHEREFORE, the Plaintiff, ESTELLE DORAN, demands judgment against the Defendant, WALMART INC., in an amount in excess of Thirty Thousand and One ($30,001) Dollars, and requests a trial by jury of all issues triable as of right by a jury.

### COUNT II – NEGLIGENCE AGAINST DEFENDANT, EDWARD SHAW

The Plaintiff, ESTELLE DORAN, hereby re-alleges and incorporates herein all of the allegations made in paragraphs 1-13, above, and further alleges:

17. On the date and at the place aforesaid, the Defendant, EDWARD SHAW, breached the duty owed to the Plaintiff, ESTELLE DORAN, by committing one or more of the following omissions or commissions:

   a. Failing to prevent reasonably foreseeable injuries and creating a foreseeable risk of harm to invitees by failing to ensure that the metal shopping cart corral in the parking lot was not warped and did not thereby create a dangerous tripping hazard, when said dangerous condition was known to the Defendant, EDWARD SHAW, or had existed for a sufficient length of time so that the Defendant, EDWARD SHAW, should have known of it;

   b. Failing to ensure that that Plaintiff, ESTELLE DORAN, was adequately warned of the danger of tripping and falling on the warped metal shopping cart corral in the parking lot, that he knew or should have known of;

   c. Failing to properly train his employees to adequately maintain and remedy problems with the warped metal shopping cart corral in the parking lot, and/or failing to properly supervise them in maintaining and remedying same;

   d. Failing to properly train his employees to adequately warn invitees of the dangerous condition of the tripping hazard created by the warped metal shopping cart corral in the

parking lot, through measures such as proper placement of warning signs, and/or failing to properly supervise them in warning of same;

e.   Failing to alert Defendant, WALMART INC., of the dangerous condition of the tripping hazard created by the warped metal shopping cart corral in the parking lot, in order to request and authorize appropriate remedial measures, such as repair and/or replacement of the shopping cart corral..

f.   Failing to properly inspect or adequately inspect the metal shopping cart corral in the parking lot, to determine whether it was warped and created a tripping hazard, for the safety of the Plaintiff, ESTELLE DORAN; and

g.   Failing to maintain or adequately maintain the premises to ensure that the metal shopping cart corral in the parking lot was not warped and did not thereby create a tripping hazard, for the safety of the Plaintiff, ESTELLE DORAN, as she retrieved a shopping cart from the shopping cart corral.

18.   As a direct and proximate cause of the negligence of the Defendant, EDWARD SHAW, as heretofore alleged, the Plaintiff, ESTELLE DORAN, tripped and fell over the warped metal shopping cart corral as she attempted to retrieve a shopping cart from the shopping cart corral, and when she fell she sustained injuries and damages as hereinafter alleged.

19.   As a direct and proximate result of the negligence of the Defendant, EDWARD SHAW, as heretofore alleged, the Plaintiff, ESTELLE DORAN, was injured in and about her body and extremities; incurred medical expenses for the treatment of said injuries; incurred pain and suffering of both a physical and mental nature; incurred a permanent injury to the body as a whole; incurred loss of ability to lead and enjoy a normal life; incurred loss of wages and a loss of wage earning capacity; incurred aggravation of a pre-existing condition; and incurred activation of a latent

condition, all of which are either permanent or continuing in nature and the Plaintiff, ESTELLE DORAN, will sustain said loss in the future.

WHEREFORE, the Plaintiff, ESTELLE DORAN, demands judgment against the Defendant, EDWARD SHAW, in an amount in excess of Thirty Thousand and One ($30,001) Dollars, and requests a trial by jury of all issues triable as of right by a jury.

### COUNT III – LOSS OF CONSORTIUM AGAINST WALMART INC.

Plaintiff, JAN VAN JOOLEN, reiterates and realleges paragaphs 1-16 above as though fully set forth herein and further alleges:

20. That at all times material hereto Plaintiffs, ESTELLE DORAN and her husband, JAN VAN JOOLEN, were legally married.

21. That as a direct and proximate result of the injuries to Plaintiff, ESTELLE DORAN, Plaintiff, JAN VAN JOOLEN, has in the past and will in the future suffer the loss of Plaintiff, ESTELLE DORAN's, services, companionship, and consortium; and that, JAN VAN JOOLEN, has in the past and will in the future incur great expenses to doctors, hospitals, for medication and similar items.

WHEREFORE, Plaintiff, JAN VAN JOOLEN, demands judgment against the Defendant, WALMART INC., in an amount in excess of Thirty Thousand ($30,000) Dollars, and requests a trial by jury of all issues triable as of right by a jury.

### COUNT IV – LOSS OF CONSORTIUM AGAINST EDWARD SHAW

Plaintiff, JAN VAN JOOLEN, reiterates and realleges paragraphs 1-13 and 17- 19 above as though fully set forth herein and further alleges:

22. That at all times material hereto Plaintiffs, ESTELLE DORAN and her husband, JAN VAN JOOLEN, were legally married.

23. That as a direct and proximate result of the injuries to Plaintiff, ESTELLE DORAN, Plaintiff, JAN VAN JOOLEN, has in the past and will in the future suffer the loss of Plaintiff, ESTELLE DORAN's, services, companionship, and consortium; and that, JAN VAN JOOLEN, has in the past and will in the future incur great expenses to doctors, hospitals, for medication and similar items.

WHEREFORE, Plaintiff, JAN VAN JOOLEN, demands judgment against the Defendant, EDWARD SHAW, in an amount in excess of Thirty Thousand ($30,000) Dollars, and requests a trial by jury of all issues triable as of right by a jury.

DATED this 24TH day of August 2020.

*/s/ Robert F. McLaughlin*
Robert McLaughlin, Esq.
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
rmclaughlin@forthepeople.com
jbrookings@forthepeople.com
Florida Bar #: 189839
Attorney for Plaintiffs